IN THE UNITED STATES DISTRICT COURT
AND FOR MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,
   Plaintiff,

vs

CARLOS BALILLO,     2:06-CR-213-MEF-01
   Defendant,

RECEIVED
2008 APR -3 A 9:20
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## MOTION FOR REDUCTION OF SENTENCE
## PURSUANT TO TITLE 18 USC § 3582(c)(2)

**NOW COMES,** Carlos Badillo pro-se, and to be referred herein after as ("Petitioner") in the above styled action numbered and moves this Honorable Court to **GRANT** petitioner's Motion for Reduction of Sentenced, pursuant to Title 18 USC § 3582(c)(2).

1. On May 1, 2007, United States Sentencing Guideline(U.S.S.G.) proposed sentencing amendment §2D1.1 to the Federal Sentencing Commission, if enacted will reduce the base offense level for crack cocaine offenders. On December 11, 2007, the Sentencing reaffirmed that Amendment's 706 and 711 be **RETROACTIVE** for those who were sentenced before November 1, 2007.

2. BOOKER AUTHORITY'S

 A sentencing court's authority to reopen and, if approriate, reduce a sentence under § 3582(c)(2), is trigger when the sentenced was "based on a sentencing range that has subsequent been lowered

by the Sentencing Commission pursuant to its power to review and revise... the Guidelie." The crack amendment clearly fits within that description, effective November 1, 2007, the Commission lowered sentencing range for crack offenses by two levels because they found that crack guideline over-punished crack offenders and created unwarranted disparity between them and other offenders.

On December 11th, the Commission voted to make Amendment §2D1. guideline RETROACTIVE, nothing more is needed to trigger the court's authority to revisit a sentenced under §3582(c)(2).

> (2) in the case of defendant... who has been sentence to a term of imprisonment based on sentencing range that has subsequent been lowered by the Sentencing Commission, pursuant to 28 USC 994(o), upon a motion of the defendant... the court may reduce the term of imprisonment, considering the factors set forth in Section § 3553(a), to the extent that theya re applicable, if such reduction is consistent with the applicable policy statement issed by Sentencing Commission.

3. Petitioner's was sentenced before this court October 18, 2007, to a term of One Hunder & Eighty (180) months, to Title 21 846 and 841 Conspiracy to Distribute Crack Cocaine, Distribute or Dispense/ Aiding & Abetting, Methamphetamine. Now, petitioner's is asking this court to reduce his current, to his newly amended sentence to comply with BOOKER, KIMBROUGH, and HICKS, to **NINETY SEVEN (97) months.**

4. Petitioner's asking this court to consider **U.S. v Hicks,** 472 F.3d 1167 (9th Cir, 2007), held as a matter of **first impression,** that **Booker,** aplies to resentencing under the statute authriizing Distrcit Courts to modify a sentenced based on subsequentlt been lowered of Sentencing Guideline raneg by Sentencing Commission, the newly calculated range is now **advisory Booker,** made it clear that guideline were no longer **mandatory,** in any context.

5.   Petitioner's is citing **U.S. vvs Armstrong,** 347 F. 3d 907 (11th Cir. 2003), Where Armstrong argue that his sentence pursuant to statutory subsection providing for modification of an imposed term of imprisonment, held that the defendant was not entitled to retroactive reduction of his entence on basis of Amendments 599, 600 and 635 to the Sentencing Guidelines.

Any retroactive reduction in sentence subsequent to a motion filed under §3582(c)(2) must be "consistent" with applicable policy statements issued by the Sentencing Commission, U.S.S.G. §1B1.10,

> 18 USC § 3582(c)(2) provides:
> (c) Modification of an imposed term of imprisonment once it has been imposed except that-...
> If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 USC §3582 (c)(2) is not consistent with this policy statement and thus is not authoriized.

6.   In petiitoner motion to reduce his current sentence has been modify by the Sentencing Commission, that §1B1.10(c) is listed under 28 994(u), and that section § 3553(b) requirement that the judge only consider "the sentencing policy statement and the official commentary of the sentencing Commission." Section § 3553(b), allows petitioner to use **Booker,** to impose a sentence to his **"now advisory"** guideline range.

> 28 USC 994(u),
> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offenses or category of offeneses, it shall specify in what circumstancess anf by what amount the sentences of prisoners serving terms of imprisonment for the offensemay be reduced.

7.   On December 11th U.S. Sentencing commission enacted §2D1.1 lowering the base offense level for those who were sentenced before November 1, 2007, this enactment makes petitioner's argument **RIPE** for a sentencing reduction according to the statute of §3582(c)(2).

3

Thus, only amendments, clarifying or not listed under subsection (c) of §1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under §3582(c)(2).

8. In addition petitioner contends if this court treats Guidelines §§ 1B1.10 and 2D1.1 as mandatory sentences that it would violates the statute of § 3582(c)(2), motion for resentencing, where a defenant serving term of imprisonment, and the Guideline range applicable to that defendant has subsequently been lowered as a result of the amendment to that Guidelines [that is specifically enumrated is U.S.S.G) § 1B1.0(c)] a redcution in the defendant's term of imprisonment may be considered under § 18 USC 3582(c)(2).

> The Sixth Circuit Distrcict Court, stated:
> The Sentencing Commission has order re-examination of sentencing involving the calculation of guidelines were the controlled substance "leading" to the defendants conviction and sentence at issue is crack cocaine.

9. Fortunately, now that the Guidelines have been declared advisory the unreasonable disparity between "crack" cocaine and powder cocaine penalties can be addressed directly by sentencing courts, even beyond the amended Guideline Section above. According to the recently issued decision in **Kinbrough v United States,** 128 S. Ct. 558, 169 L. Ed. 2d. 481 (2007).

> the cocaine Guidline, like all other Guidelines, are advisory only and that the court of Appeals erred in holding the crack-powder disparity effective mandatory. A District Judge must include the Guideline range in array of factors warranting consideration.
> The judge, amy determine, however, that in the particular case, a within-Guidelines of sentencing is :greater than necessary" toserve the objectives of sentencing. 18 §3553(a), (2000 Ed. and Supp V). In making thedetermination, the judge may consider the disparity between the Guidelines treatment of crack and powder cocaine offense.

Kimbrough 128 S.Ct at 564...

4

In fashioning a sentence in a particular case, while the Guideline have a role to play, the sentencing judge has "greater familarity with... the individual case and the individual defendant before him than the [Sentencing] Commission." **Kimbrough**, 128 S. Ct. at 574 (citing **Rita v U.S.** 127 S. Ct. 2456, 168 L. Ed 2d. 203,213 (2007).

The sentencing judge is therefore "in a superior position to find facts and judge their importance under § 3553(a)," **Kimbrough**, supra, clearly, the sentencing judge has the power to issue a sentence outside the unduly harsh crack cocaine Guidelines.

10. Also, it is not only the authorization of Sentencing Commission, to alter an other final sentence. The purpose of 18 USC §3582(c)(2), motion is to be resentenced, as stated in **U.S. v Ono**, 72 F. 3d. 101-102, (9th Cir. 1995), and this court stated at petitioner original sentenced **that this court is bound by the Guidelines.** Now, that Sentencing Commission, made advisory, this court hands are **"untied"** and can go outside petitioner statutory sentence, and resentenced petitioner below his current sentence of 180 months, to his now **BOOKER, KIMBROUGH,** and **HICKS,** to run with his Possession of Firearm to **NINETY SEVEN** months at the low end of the guideline.

11. Petitioner states that all crack sentences are "based on" the crack guideline sentencing range, see **U.S. v LaBante**, 70 F. 3d 1396-1412, (1st Cir. 1995), rejecting the government argument that § 3582(c)(2), resentencing is inappropriate where defendant's original sentence falls within the amended guideline. Petitioners new starting point is reduce downward departure making petitioner current sentence **eligible for and reduction.**

5

WHEREFORE, petitioner's respectfully request that this Honorable Court **GRANT** petitioner Motion for Reduction of Sentence, and consider all of the factors set forth in petitioner motion. This court has the authority to reopen petitioner's sentenced and reduce his sentenced in 18 USC § 3582(c)(2), that was triggered when the sentence was "based on" the Sentencing Commission, subsequently lowering of §2D1.1 for those who were sentence before Novemer 1, 2007, petitioner fits that description to be resentenced.

Respectfully submitted

*Carlos Badillo*
Carlos Badillo
REG:12054-002
P.O.Box 10
Lisbon, Ohio 44432

CERTIFICATE OF SERVICE

I, Carlos Badillo, certify that a ture copy of petitioners Motion for Reduction of Sentence was mail to U.S. Department of Justice U.S. Attorney Office 201 One Square, P.O.Box 197 Montgomery, AL 33101-0197, on this 31st day of March 2008.

*Carlos Badillo*
Carlos Badillo

6